DONNA TAMANAHA, Acting Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
EDWARD G. MYRTLE, Trial Attorney (DC#375913)
FRANK M. CADIGAN, Trial Attorney (#95666)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for Acting United States Trustee
 SARA L. KISTLER

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>KUIANA T. TAYLOR,<br><br>      Debtor. | No. 05-35381 DM 7<br><br>Chapter 7<br><br>Date: February 3, 2006<br>Time: 10:00 a.m.<br>Ctrm: Hon. Dennis Montali<br>      235 Pine Street, Courtroom 22<br>      San Francisco, CA |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER AND PURSUANT TO 11 U.S.C. § 109(h) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**I.    MOTION**

The United States Trustee, by and through her undersigned counsel, respectfully moves the Court for an order dismissing this case based on the Debtor's failure to obtain credit counseling before filing of the petition.

This motion is made and based upon the following points and authorities, together with the entire record in this action, and such evidence as may be introduced at the hearing on this motion or filed to supplement the motion.

///

///

///

## II. STATEMENT OF FACTS

1. On December 2, 2005, **Kuiana T. Taylor** ("the Debtor") filed a voluntary petition under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"). *See* Declaration of Paralegal filed concurrently herewith.

2. On the petition date, the Debtor did not file evidence of participation in a course of credit counseling within the 180-day period proceeding the date of the filing of the petition as required by 11 U.S.C. § 109(h)(1), or file a request for waiver of the requirement as set forth in § 109(h)(3) or 109 (h)(4). *See* Declaration of Paralegal.

3. On January 4, 2006, Debtor filed with the Court evidence of participation in a course of credit counseling but the counseling was completed on December 19, 2005. *See* Declaration of Paralegal.

4. Based upon the foregoing, it is submitted that the facts set forth above indicate that this case should be dismissed because the Debtor is not eligible to be a debtor under section 109(h).

5. In support of this motion, the United States Trustee requests that the Court take judicial notice of all documents filed in the case pursuant to Rule 201 of the Federal Rules of Evidence.

WHEREFORE, the United States Trustee respectfully prays that the Court grant her motion for dismissal, and that she have such other and further relief as is just.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

The United States Trustee is charged with supervising the administration of cases under chapter 11 of title 11. *28 U.S.C. §586.* In furtherance of that duty, the U.S. Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. §307. The U.S. Trustee requests the Court enter an order dismissing this case based upon the following points and authorities.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added the following provision to the definitions of who may be a debtor:

> ... an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

*11 U.S.C. § 109(h)(1).*

Interim Rule 1007 provides "... an individual debtor must file the [credit counseling] certificate and debt repayment plan, if any, required by § 521(b)". *IR 1007(b)(3).* Interim Rule 1007 further provides that the certificate "shall be filed with the petition in a voluntary case". IR 1007(c). Here, the certificate was not filed with the petition, nor was the course completed before the petition date.

An exception is made for debtors residing in districts for which the U.S. Trustee determines an approved credit counseling agency is not reasonably able to provide adequate services. *§109(h)(2).* Approved credit counseling agencies are available to provide the required services in this District. Therefore the exception does not apply to this Debtor.

An exception may also be made if a debtor submits to the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court.

*§ 109(h)(3)(A).* This exception is only available for a maximum of 45 days after the filing of the petition. The Debtor has not requested this section be applied to his case.

A final exception is made for debtors whom the court determines, after notice and hearing, are unable to complete the requirements because of incapacity, disability, or active military duty in a military combat zone. *§ 109(h)(4).* Again, no request for application of this exception has been made by the Debtor.

Thus, the Debtor is not eligible to be a debtor under title 11, and therefore, the case should be dismissed.

## IV. CONCLUSION

Based upon the Debtor's failure to comply with 11 U.S.C. § 109(h)(1) or request application of an exception or extension of time in which to comply with that provision, the U.S. Trustee respectfully requests the Court enter an order dismissing this case or for any other relief the court finds appropriate.

Dated: January 6, 2006

Respectfully submitted,

Sara L. Kistler, Acting United States Trustee

By: */s/ Patricia A. Cutler* 50352
Trial Attorney for the U.S. Trustee