DONNA TAMANAHA, Acting Assistant U.S. Trustee (WI#1013199)
PATRICIA A. CUTLER, Trial Attorney (#50352)
EDWARD G. MYRTLE, Trial Attorney (DC#375913)
FRANK M. CADIGAN, Trial Attorney (#95666)
JULIE M. GLOSSON, Trial Attorney (#230709)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 705-3333
Facsimile:   (415) 705-3379

Attorneys for Acting United States Trustee
 SARA L. KISTLER

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In re                                                    )        No.    05-35381 DM 7
                                                         )
KUIANA T. TAYLOR,                                        )        Chapter 7
                                                         )
                    Debtor.                              )        [ NO HEARING REQUIRED]
                                                         )
                                                         )
                                                         )
_____ )

### UNITED STATES TRUSTEE'S SUPPLEMENTAL BRIEF SUPPORTING DISMISSAL PURSUANT TO 11 U.S.C. § 109(h) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**I.      PRELIMINARY STATEMENT**

The United States Trustee ("UST") respectfully submits this supplemental Brief and

memorandum in support of the motion ("Motion") seeking an order dismissing this case. The

Motion was brought due to the Debtor's failure to comply with the Bankruptcy Abuse

Prevention and Consumer Protection Act of 2005 ("BAPCPA"), 11 U.S.C.§109(h). That is, the

Debtor neither obtained credit counseling prior to filing her petition nor did she file with the

petition a certificate which satisfied the requirements of the BAPCPA for a waiver of the pre-

petition counseling.

At the initial hearing on the Motion on February 3, 2006, Debtor Taylor and the UST

accepted the opportunity offered by the Court to provide further support for their respective

positions, to wit - that Ms. Taylor was ignorant of the requirement and had been misled by the

UNITED STATES TRUSTEE'S SUPPLEMENTAL BRIEF RE DISMISSAL PURSUANT TO
11 U.S.C. § 109(h) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF          - 1 -

Clerk's personnel into believing she had 15 days to get and to certify that she received credit counseling; and the UST's position that Debtor's claims, even if true, were insufficient to establish an exception to credit counseling under Section 109(h)(3).

After a review of the law relevant to this matter, the UST respectfully reiterates the request that this case be dismissed.

## II.    STATEMENT OF FACTS

1.    On December 2, 2005, **Kuiana T. Taylor** ("the Debtor") filed a voluntary petition under chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

2.    On the petition date, the Debtor did not file evidence of participation in a course of credit counseling within the 180-day period preceding the date of the filing of the petition as required by 11 U.S.C. § 109(h)(1), nor file a request for waiver of the requirement as set forth in § 109(h)(3) or 109 (h)(4), and as required by the Petition which has two boxes on page 2 under the title - *Certification Concerning Debt Counseling by Individual/Joint Debtor(s)* . One box is for those who have received counseling and one box is to be checked if a waiver is requested.  In this case neither box was checked

3.    On January 4, 2006, Debtor filed with the Court evidence of participation in a course of credit counseling but the counseling was completed on December 19, 2005.

4.    On January 6, 2006, the UST filed her motion to dismiss pursuant to 109(h).

5.    On February 3, the matter came on for hearing before this court.

6.    Ms. Taylor did not file a response but appeared and stated she had been told by the Clerk's personnel that she had 15 days to complete a counseling course and certify it.

7.    At the February 3rd hearing, the court gave Ms. Taylor the opportunity to file a declaration re exigent circumstances, and the UST was given the opportunity to respond.

8.    On February 23, 2006, the UST first saw on PACER Ms. Taylor's response.  It had not been previously served on this office, nor was it on the PACER docket on February 22, 2006.

9.    Ms. Taylor's declaration essentially reiterated her statements in court - that she

Case: 05-35381    Doc# 21    Filed: 02/24/06    Entered: 02/24/06 10:08:51    Page 2 of 7

did not know about the credit counseling requirement, and the Clerk's personnel told her she had fifteen days to do it.

## III.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.  The Debtor's Failure to Obtain Mandatory Pre-petition Credit Counseling Renders Her Ineligible To Be A Debtor.

The BAPCPA amended Section 109(h) of the Bankruptcy Code to unequivocally require that credit counseling be obtained prior to filing bankruptcy. In so doing, it channels Congress' stated intent to compel "...debtors to participate in credit counseling programs before filing for bankruptcy relief...[in order]  to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy...before they decide to file for bankruptcy relief." H.R. Rep. No. 109-31, part 1, at 18 (2005) (Conf. Rep.).

Faithful application of this provision is compelled. " 'The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.' *Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S. Ct. 3245, 3250, 73 L. Ed.2d 973 (1982)". U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031  (1989).

Failure to obtain credit counseling prior to filing his petition renders Ms. Taylor ineligible to be a debtor pursuant to Section 109(h) of the Bankruptcy Code. See, e.g., *In re Rios*, --- B.R. —, 2005 WL 3462728, *2 (Bankr. S.D.N.Y. 2005)("Under the BAPCPA, Congressional intent is clear that credit counseling is required *prior* to filing, as a prerequisite for bankruptcy relief, to provide putative debtors with the opportunity to make informed choices as to financial alternatives available..."); *In re Gee,* 332 B.R. 602, 604 (Bankr. W.D. Mo. 2005)("Without a waiver, Debtor is clearly ineligible to be a debtor under § 109(h)(1) because she did not obtain the required credit counseling services within 180 days prior to the filing of the petition."); *In re Davenport*, 335 B.R. 218, 220 (Bankr. M.D. Fla. 2005)("[Absent exemptions] an individual cannot be a "debtor" under Title 11 without receiving credit counseling during the 180-day period prior to filing a bankruptcy petition."); *In*

Case: 05-35381   Doc# 21   Filed: 02/24/06   Entered: 02/24/06 10:08:51   Page 3 of 7

*re Fuller,* 2005 WL 3454699, *1 (Bankr. W.D. Penn. 2005)("An individual is ineligible to be a debtor under Title 11 unless, within 180 days preceding the filing, the debtor received from an approved, nonprofit budget and credit counseling agency a briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."); *In re Childs,* 335 B.R. 623, 629 (Bankr. D. Md. 2005)(holding that Section 109(h)(1) prohibits an individual from being a debtor unless he/she received credit counseling during the 180 day period preceding filing or qualifies for an exemption); *In re Valdez,* 335 B.R. 801, 803 (Bankr. S.D. Fla. 2005)(holding that individual who filed pro se Chapter 13 petition did not qualify as a debtor because she neither fulfilled the pre-petition budget and credit counseling requirement nor demonstrated that exigent circumstances exist which prevented her from doing so); *In re Sosa,* --- B.R. ----, 2005 WL 3627817, *2 (Bankr. W.D. Tex. 2005)("Simply stated, if a debtor does not request the required credit counseling services from an approved nonprofit budget and credit counseling service before the petition is filed, that person is ineligible to be a debtor no matter how dire the circumstances the person finds themselves in at that moment".); *In re Warden,* 2005 WL 3207630, *2 (Bankr. W.D. Mo. 2005)("The statute is clear in that it unequivocally requires that credit counseling be obtained prior to the filing of the petition."); *In re Cleaver,* 333 B.R. 430, 435 (Bankr. S.D. Oh. 2005)("[Absent an exemption] an individual must receive credit briefing prior to filing for bankruptcy protection.")

An individual debtor must file the credit counseling certificate and debt repayment plan, if any, required by § 521(b). Interim Rule 1007(b)(3). The certificate and repayment plan must be filed with the petition in a voluntary case. Interim Rule 1007(c). Pursuant to General Order No. 16, this Court has adopted the Interim Bankruptcy Rules. See, In re Adoption of Interim Bankruptcy Rules, General Order No. 16, dated September 23, 2005.

Ms. Taylor did not file a credit counseling certificate or a debt repayment plan with the petition.

///

///

UNITED STATES TRUSTEE'S SUPPLEMENTAL BRIEF RE DISMISSAL PURSUANT TO
11 U.S.C. § 109(h) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF     - 4 -

Case: 05-35381   Doc# 21   Filed: 02/24/06   Entered: 02/24/06 10:08:51   Page 4 of 7

**B. The Debtor Has Not Satisfied The Three Conditions Required For A Temporary Waiver of Pre-petition Credit Counseling**

A debtor may obtain a temporary waiver of the requirement to procure credit counseling pre-petition if the debtor submits to the court a certification that (i) describes exigent circumstances that merit a waiver; (ii) states that the debtor requested credit counseling services from an approved credit counseling agency, but was unable to obtain the services during the 5-day period beginning on the date the request was made; and (iii) is satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). The certification must be filed with the bankruptcy petition. Interim Rule 1007(b)(3) and (c). If granted, the waiver is temporary, as the debtor is still required to receive credit counseling within thirty (30) days after the debtor files a petition, which can be extended by a maximum of fifteen (15) days by the Court for cause. 11 U.S.C. §109(h)(3)(B).

The elements of § 109(h)(3)(A) are precise and conjunctive; thus a debtor must assert facts sufficient to satisfy each of the three elements. The conditions for the waiver are consistent with Congress' intent that debtors obtain credit counseling prior to filing in the event that they may be able to avoid the necessity of filing for bankruptcy altogether. See, e.g., In re Rodriguez, 2005 WL 3676825 (Bankr. D. Id., Dec. 9, 2005) (dismissing case because of deficient request for waiver); In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005) (case dismissed where debtor did not show an attempt to obtain counseling pre-petition but made a promise to obtain the counseling post-petition); In re Hubbard, 333 B.R. 377 (Bankr. S.D. Tex. 2005) (in addition to showing exigent circumstances, a debtor must also demonstrate that he/she requested credit counseling services but was unable to obtain the services during the 5-day period following the request); In re Wallert, 332 B.R. 884 (Bankr. Minn. 2005) (case dismissed where debtor failed to establish, to the court's satisfaction, that she could not obtain credit counseling within five days of her request); In re Watson, 332 B.R. 740 (Bankr. E.D. Va. 2005) (debtor's failure to have made any request for credit counseling services precluded him from satisfying the Code's eligibility requirements); In re Gee, 332 B.R. 602 (Bankr. W.D. Mo. 2005) (a debtor must establish that he/she requested counseling

Case: 05-35381   Doc# 21   Filed: 02/24/06   Entered: 02/24/06 10:08:51   Page 5 of 7

prior to filing); <u>In re Childs</u>, 335 B.R. 623 (Bankr. D. Md. 2005) (certification was deficient because it failed to allege and demonstrate that counseling was not available within five days of the request); <u>In re Davenport</u>, 335 B.R. 218 (Bankr. M.D.Fla. 2005) (individual's failure to have made a pre-petition request for credit counseling barred putative debtor from receiving a waiver of the counseling requirement).

Ms. Taylor seeks to secure a waiver from the credit counseling requirement by asserting lack of knowledge of the requirement. However, this is insufficient. First of all there is an insufficient showing of exigent circumstances: " it is a long recognized doctrine that ignorance of the law is not an excuse, and will not serve to justify a delay which causes exigent circumstances." *In re Valdez*, 335 B.R.801, at 803 (Bankr. S.D. Fla. 2005). She also says she was misled by Clerk's personnel. This rings hollow as the form petition she completed before going to the Clerk's Office requires her to check one of two boxes indicating she received credit counseling or she is seeking a waiver. In addition, her allegation do not constitute exigent circumstances because, under the plain meaning of the statute and case law cited herein, exigent circumstances must be those which prevent debtor from getting counseling. Ms. Taylor has not alleged any facts which show she could not get counseling pre-petition.

 In addition to not showing exigent circumstances, Ms. Taylor did not satisfy the three conditions necessary to obtain such a waiver. She failed to file with the petition a certificate which (i) described  exigent circumstances (as required on the face of the petition) meriting a waiver, (ii) stated that she had requested credit counseling prior to filing her petition but was unable to obtain it within 5 days of such request and, (iii) the court could find satisfactory.

Ms. Taylor's request to secure a waiver from the credit counseling requirement is deficient and, therefore, the Court should deny it.

*///*

*///*

*///*

*///*

Case: 05-35381   Doc# 21   Filed: 02/24/06   Entered: 02/24/06 10:08:51   Page 6 of 7

IV. **CONCLUSION**

Based upon the Debtor's failure to comply with 11 U.S.C. § 109(h)(1) or request application of an exception or extension of time in which to comply with that provision, the U.S. Trustee respectfully requests the Court enter an order dismissing this case or for any other relief the court finds appropriate.

Dated: February 24, 2006                    Respectfully submitted,

                                            Sara L. Kistler, Acting United States Trustee


                                            By:  _/s/ Patricia A. Cutler_ 50352___
                                            Trial Attorney for the U.S. Trustee

Case: 05-35381   Doc# 21   Filed: 02/24/06   Entered: 02/24/06 10:08:51   Page 7 of 7