

Signed and Filed: March 09, 2006

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Bankruptcy Case |
| KUIANA T. TAYLOR, | ) | No. 05-35381DM |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |

MEMORANDUM DECISION ON MOTION TO DISMISS
FOR FAILURE TO OBTAIN CREDIT COUNSELING

The United States Trustee ("UST") filed a motion to dismiss this Chapter 7 case ("Motion"), contending that Kuiana T. Taylor, the above-named debtor ("Debtor") is ineligible for Chapter 7 relief because of her failure to comply with Bankruptcy Code Section 109(h) (11 U.S.C. § 109(h)), requiring individual debtors seeking bankruptcy relief to obtain, within 180 days before filing, a briefing that outlines ". . . opportunities for available credit counseling and assist[s] such individual in performing a related budget analysis" ("credit counseling").[1]

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 (incorporating by reference Fed. R. Civ. P. 52(a)). All chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Interim Bankruptcy Rules adopted in this district by General Order 16 as a result of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8,

-1-

Debtor filed a voluntary Chapter 7 petition on December 2, 2005. She obtained credit counseling from an approved nonprofit budget and credit counseling agency on December 19, 2005, and on January 4, 2006, filed evidence of having received such counseling as required by Section 521(b)(1). Although Debtor obtained credit counseling after the petition date, she did not request a temporary extension of time to do so based on "exigent circumstances" as provided in Section 109(h)(3)(A)(i). Nor did she certify that she had requested credit counseling, but was unable to obtain it during the five day period beginning on the date in which she made the request, all as required by Section 109(h)(3)(A)(ii) (the "five day rule").

At a hearing on the Motion on February 3, 2006, the UST argued that post-petition credit counseling did not satisfy the requirement of Section 109(h)(1) that such counseling be received prior to filing bankruptcy. The court permitted Debtor to file a certification under Section 109(h)(3), describing exigent circumstances that merit a waiver of the requirements of Section 109(h)(1). Thereafter Debtor filed (but did not serve) a response; when the UST learned of Debtor's response, it filed a Supplemental Brief supporting the Motion.

The Bankruptcy Code is silent on when a debtor must submit the certification describing exigent circumstances, describing attempts to comply with the five day rule, and seeking the court's satisfaction with such certification. Rule 1007(c) requires the certification to be filed with the petition but has no prohibition

---

Apr. 20, 2005, 119 Stat. 23 ("BAPCPA"), which applies in this case.

on a later filing. Nor does the rule state any consequences for filing this certification later. Regardless of when the certification is to be filed, Debtor's response is deficient in that it does not set forth either exigent circumstances or compliance with the five day rule. Debtor stated that she did know of her obligation to obtain the credit counseling until after she paid her filing fee and filed her petition, and she asked for the court's sympathy. Debtor has the court's sympathy, but the plain words of Section 109(h) and the cases cited by the UST in the Supplemental Brief lead the court to conclude that Debtor, although now presumably eligible for bankruptcy relief for 180 days from December 19, 2005, has failed to comply with Section 109(h)(1) and that her attempt to be excused from such compliance must also fail for the reasons just noted.

The court is further persuaded that the proper remedy is dismissal of Debtor's case despite a split in the reported decisions as to the consequences of a debtor's failure to obtain credit counseling before filing a voluntary petition for relief in the absence of exigent circumstances and compliance with the five day rule.

The minority remedy is to "strike" or void the petition to prevent the potentially harsh consequences of dismissal. See, e.g., In re Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005). One fear is that financial realities may prompt the debtor or creditors to file another voluntary or involuntary bankruptcy petition and in that event Section 362(c)(3) and (c)(4) could limit the duration of the automatic stay or even prevent it from going into effect. See 11 U.S.C. §§ 362(c)(3) and (4). This could harm the

unfortunate debtor who did not comply with Section 109(h)(1) but acted in good faith. See In re Tomco, ___ B.R. ___, 2006 WL 459347 at pp. *4-5 (Bankr. W.D. Pa.) (pointing out that the very debtors who try hardest to avoid bankruptcy are those who may not have planned for bankruptcy by complying with Section 109(h)). The absence of a stay could also harm creditors by subjecting them to a winner take all race to judgment and execution. Dismissal under Section 109(h) could harm creditors in other ways as well because the Bankruptcy Code provides more disclosure, accountability, and equality of distribution than is generally available to creditors outside of bankruptcy. Finally, there are ambiguities in BAPCPA that offer some support for the Rios approach, and the potentially harsh consequences of dismissal do seem inconsistent with the "Consumer Protection" title of BAPCPA. See Rios, 366 B.R. at 178-180 (reviewing statute and stating, "Congress sought to enlarge debtors' options in the face of financial difficulty, not limit them.").

    Nevertheless, the court is persuaded by the majority view that under ordinary principles of statutory construction a debtor's non-compliance with, or inability to be excused from, the requirements of Section 109(h)(1) compel dismissal. See, e.g., In re Ross, ___ B.R. ___, 2006 WL 349654 at pp. *1-4 (Bankr. N.D. Ga.) (rejecting Rios); Tomco, 2006 WL 459347 at pp. *6-12 (same). For similar reasons the court does not believe it is appropriate to determine in this case that the dismissal will be disregarded in any future case. See In re Valdez, 335 B.R. 801 (Bankr. S.D. Fla. 2005) (stating that future petition by debtor "will be treated as her first petition, not subject to 11 U.S.C.

-4-

§ 362(c)(3) or (c)(4)"). That decision treats Section 109 eligibility as a jurisdictional requisite and concludes that the debtor really was not a debtor, and a "second" case filed after she obtains credit counseling will be treated as a "first" case. This court will not engage in such a fiction: an ineligible debtor's case must be dismissed, but until then it is a case.

Alternatively, assuming without deciding that the statute is ambiguous enough to look to Congressional intent, the court is not persuaded that dismissal is contrary to that intent. First, voiding a petition might do more harm than good. It could "cloud every transaction related to a bankruptcy case" and would be "a pyrrhic victory if, in the meantime, a creditor has completed a repossession or foreclosure because of the absence of a stay in the void case." See Ross at pp. *4-5; Tomco at pp. *11-12 (following Ross).

Second, it is not clear that the consequences under Section 362(c)(3) and (4) are as draconian as they first appear. Section 362(c)(3) has been held to apply only to debts and property of the debtor, not property of estate. In re Johnson, 335 B.R. 805 (Bankr. W.D. Tenn. 2006). And, although Sections 362(c)(3) and (4) might entitle a creditor to proceed to judgment in an attempt to establish in personam liability, that liability will be subject to any discharge obtained in a second case unless the creditor establishes grounds for nondischargeability under Section 523. Section 524 will void ". . . any judgment at any time obtained . . ." to the extent it is a determination of personal liability as to a debt discharged. See, In re Gurrola, 328 B.R. 128 (9th Cir. BAP 2005).

Case: 05-35381   Doc# 24   Filed: 03/09/06   Entered: 03/09/06 13:19:56   Page 5 of 8

Section 362(c)(3) also might not permit a creditor to proceed with a foreclosure action against a debtor's homestead, for example. Property claimed as exempt does not thereby cease to be property of the estate and therefore under <u>Johnson</u>'s analysis the stay would still apply to such property. <u>See</u> <u>In re Alsberg</u>, 161 B.R. 680, 683 (9th Cir. BAP 1993), <u>aff'd</u> 68 F.3d 312, 314-15 (9th Cir. 1995), <u>cert. den.</u>, 517 U.S. 1168 (1996).

If Section 362(d)(3)(A) does apply, that is not the end of the matter. The court can extend the stay under Section 362(c)(3)(B) upon a proper showing. Each case must be evaluated on its own merits, but a dismissal under Section 109(h) in cases such as this does not appear to establish any lack of good faith. <u>See generally</u> <u>In re Charles</u>, 334 B.R. 207, 213-224 (Bankr. S.D. Tex. 2005) (reviewing procedural and substantive requirements); <u>In re Ball</u>, 336 B.R. 268, 273-276 (Bankr. M.D. Ga. 2006) (same, and listing seven factors to determine good faith); <u>In re Collins</u>, 334 B.R. 655 (Bankr. D. Minn. 2005) (emphasizing need to serve motion to extend the stay on at least all affected creditors, if not all creditors in the case).[2]

The court expresses no opinion on these matters under Section 362. These matters can be addressed if Debtor determines that the most appropriate course is to file another bankruptcy petition. She will need to assess the risk that such a filing will be considered in good faith, sufficient to survive a challenge under Section 707(b) and whether she needs the automatic stay as to her

---

[2] Here, Debtor's lack of knowledge that she needed credit counseling, followed by her prompt compliance with Section 109(h)(1), strongly suggests her good faith.

Case: 05-35381    Doc# 24    Filed: 03/09/06    Entered: 03/09/06 13:19:56    Page 6 of 8

property even though that stay may be of limited duration under Section 362(c)(3)(A) or of no duration at all under Section 362(c)(4). Meanwhile, the court must dismiss this case. A separate order to that effect is being issued concurrent with this Memorandum Decision.

**END OF MEMORANDUM DECISION**

```
 1                        COURT SERVICE LIST

 2  Kuiana T. Taylor
    140 Cameron Way
 3  San Francisco, CA 94124

 4  Janina M. Elder
    P.O. Box 1657
 5  Santa Rosa, CA 95402

 6  United States Trustee
    235 Pine St., Ste. 700
 7  San Francisco, CA 94104

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -8-
```